Dissenting Opinion by
Packel, J.:
For more than nine years the appellant had made regular monthly payments on a 20-year obligation to pay $51,000 with interest at 1%%. Because of a seven-day delay in making the 111th payment, the appellee, whose conduct had some relationship to the delay, *176 caused the confession of judgment against the appellant. Thereby, the appellee changed its long term asset, carrying an interest rate of 4%%, to an immediately payable asset in a much higher interest market. The majority opinion refers to the appellee’s conduct as good business but fails to discuss the pivotal issue as to whether or not the conduct of the appellee did not partake of dirty business.
The appellant had offered in the court below to show that the appellee had instructed the bank, to which the payments were to be made, that it should not follow its customary practice of notifying its customers when installment payments became due or overdue.[1] The legal significance of the proffered evidence is enhanced by the uncontradicted testimony that the bank received fees from both the appellant and the appellee in its role of serving them as a common agent.
It is familiar law that courts will not come to the aid of one who has led his promisee into default. See Knable v. Bradley, 430 Pa. 153, 157, 242 A. 2d 224, 226 (1968); Nanty-Glo Borough v. American Surety Co., 316 Pa. 408, 411-412,175 A. 536, 537 (1934). The latter case adopted the view of Professor Williston that “[i]t is a principal of fundamental justice that if a promisor is himself the cause of the failure of performance, either of an obligation due him or a condition upon which his own liability depends, he cannot take advantage of the failure.”[2] In the same passage this eminent authority noted that it is just “as effective an excuse of performance of a condition that the promisor has hindered per *177 formance as that he has actually prevented it.” Accord, Restatement of Contracts, §295 (1952).
It is good business practice for banks to notify their customers when an obligation has or is about to become overdue. The appellant wanted to show that this was the practice of the bank in this case and that the appellee, obviously for its own financial gain, instructed the bank that such notification should not be given to the appellant. Such planning manifestly was motivated to bring about a default. The bank had some months earlier telephoned the defendant on the very day that a monthly payment was due so that there was immediate payment thereafter. It is not unwarranted to conclude that but for the appellee’s conduct, the bank would have notified the appellant so that there would have been prompt payment. Certainly, this Court should not lend itself to penalizing a debtor in order to benefit a creditor whose conduct has been a factor in a seven-day delay in the payment of a 114th installment, particularly where that conduct consisted of instructions to a common agent to refrain from performing a normal service.[3]
In developing commercial law the judicial role is to aid in moulding standards which provide an orderly framework for transactions while carrying out the shared expectations of businessmen. One application of this larger principle is the protection which the law affords to justifiable reliance upon courses of commercial dealing through the doctrine of waiver or by rules of contract interpretation. It is too late in the day to purport to determine the outcome of the instant dispute by labeling the bank’s practices as “gratuitous” and *178 concluding that, therefore, the plaintiff creditor might freely interfere with the defendant’s relations with the bank, so as to induce default, and still be able to obtain judicial relief for such contract breach.
The grant of the power to confess judgment, not recognized in most jurisdictions and subjected to significant recent limitations in Pennsylvania,[4] is after all a matter of consent. It is basically an authorization and as such it must be given a reasonable interpretation in the light of the applicable facts. Would reasonable businessmen contemplate that a one day delay in a tenth payment constituted such a default as to authorize a confession which would seriously change the relationship between the parties? Is it any different if the delay is seven days on the 114th payment?
I think the refusal of the court below to open the judgment was an abuse of its discretion in failing to give equitable consideration to the action of the appellee in plotting for a default and in exercising a power to confess judgment in order to change materially the status of the parties by virtue of a few days delay.
The judgment should be opened.
Cercone, J., joins in this dissent.

 Tlie majority opinion does not refer to tlie refusal of this offer of proof but incorrectly states that the court below refused to admit evidence concerning a late payment and the bank’s response. Testimony regarding those matters, however, appear without objection at several places in the record.

 3 Williston, Law of Contracts, §677 (Rev. Ed. 1936).

 “An agent employed by both parties to a transaction, with knowledge by them of Ms double employment, has the same duty to act with fairness to each that an agent has in dealing with his principal on his own account.” Restatement of Agency, 2d, §392, comment a.

 Swarb v. Lennox, 405 U.S. 191, 92 S. Ct. 767 (1972).